# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **TAMMY JULIE GARCIA,** <br><br> Plaintiff, <br><br> v. <br><br> **NANCY ANN MORALES, et al.,** <br><br> Defendants. | **REPORT AND RECOMMENDATION** <br><br><br> **Case No. 2:20-cv-00760-DBB** <br><br><br> **District Judge David Barlow** |

Before the court is pro se Plaintiff Tammy Julie Garcia's ("Ms. Garcia") complaint. At the outset, the court notes that Ms. Garcia has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute"). Accordingly, the court will review the sufficiency of Ms. Garcia's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court recommends dismissal of this action.

## BACKGROUND

The following background is based upon the court's liberal reading of Ms. Garcia's complaint, which is disjointed and difficult to decipher. The complaint, which indicates that this case is being brought pursuant to 42 U.S.C. § 1983, names the following parties as defendants: (1) Nancy Ann Morales, who is or was a judicial clerk in the Salt Lake City Justice Court; (2) Jennifer Jean Orrison, who is or was an Assistant Attorney General with the Utah Attorney General's Office; (3) Heath R. Haacke, who is or was a guardian ad litem for the State of Utah; (4) Shawnee Ellis, who is or was a caseworker with the Utah Division of Child and Family Services ("DCFS"); (5) Elizabeth Flint, who is or was a program manager with DCFS;

(6) Roshawna Carter, who is or was a permanency caseworker with DCFS; and (7) Lindsey Morris, who is or was a caseworker with DCFS (collectively, "Defendants").

The events underlying Ms. Garcia's complaint appear to stem from the voluntary termination of her parental rights over her two children.  Ms. Garcia alleges general dissatisfaction with how the termination proceedings transpired, but because the termination of her parental rights was voluntary, her complaint does not specifically challenge the ultimate disposition of the termination proceedings.  Instead, most of Ms. Garcia's complaint recounts events surrounding the termination proceedings accompanied by an extensive discussion of the alleged lack of education and qualifications of certain Defendants along with a lengthy description of her own education and qualifications.

Ms. Garcia's first cause of action alleges violations of her First, Fifth, and Fourteenth Amendment rights.  Ms. Garcia alleges that those rights were violated because certain Defendants "claim to have clinical expertise that exceeds their education, clinical experience, and ability to analyze a clinical situation accurately."  Ms. Garcia further alleges that certain Defendants "chose to conceal [her] clinical authority in cognitive science and behavioral science and [her] professional clinical leadership" from the court presiding over the termination proceedings.

Ms. Garcia's second, third, fourth, and fifth cause of action allege violations of her Fourteenth Amendment rights.  Those claims are based upon her allegations that: (1) certain Defendants "attempted to mislead" the judge presiding over the termination proceedings "to

2

question [her] mental health"; (2) certain Defendants' "continued" attempts "to commit tortious acts against [her]," including "defamation [of] character," "slander and libel," "malicious prosecution," "and malicious comments about [her] mental health and moral character"; (3) certain Defendants "did not have adequate training to practice analytical psychology," "did not know the scientific principles of cognitive science or behavioral science," and made "false statements" to the court that constitute an "act of malicious prosecution"; (4) one of the Defendants did not follow certain DCFS guidelines; and (5) one of the Defendants "made discriminatory statements" and was "bias[ed] and misogynistic."

Although included in the section of her complaint devoted to allegations of injury, Ms. Garcia also appears to allege causes of action for: "Mental Anguish," "Mental Cruelty," "Negligent Infliction of Emotional Distress," "Intentional Infliction of Emotional Distress," "Negligence," "Slander," and "Libel." In her request for relief, Ms. Garcia requests "Actual (compensatory; general) damages," "Consequential (special) damages," "Exemplary (punitive) damages," and an "injunction against the current DCFS Practice Model."

## LEGAL STANDARDS

Upon receipt of an application to proceed in forma pauperis, a Magistrate Judge may review the complaint and recommend that the action be dismissed pursuant to the IFP Statute. DUCivR 3-2(c). In relevant part, the IFP Statute provides that the court is required to "dismiss the case at any time if . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief

under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him. *Twombly*, 550 U.S. at 555. The twin purposes of a complaint are to give the opposing party fair notice of

4

the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

In analyzing Ms. Garcia's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only

5

where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## ANALYSIS

Based upon the following analysis, the court concludes that: (1) Ms. Garcia's complaint fails to state claims upon which relief can be granted, and (2) it would be futile to provide Ms. Garcia with an opportunity to amend her complaint. Therefore, the court recommends dismissal of this action.

**I.      Ms. Garcia's Complaint Fails to State Claims Upon Which Relief Can Be Granted.**

Ms. Garcia's complaint fails to state claims upon which relief can be granted because: (A) her claims are barred by the Eleventh Amendment; (B) her claims under section 1983 fail; (C) to the extent that she challenges the termination proceedings, her claims are barred by the *Rooker-Feldman* doctrine; and (D) to the extent that the section of her complaint devoted to allegations of injury could be construed as asserting state-law claims, the court should decline to exercise supplemental jurisdiction over those claims. The court addresses each of those reasons in turn below.

**A.      Ms. Garcia's Claims Are Barred by the Eleventh Amendment.**

Ms. Garcia's claims are barred by the Eleventh Amendment because those claims relate exclusively to conduct undertaken by Defendants in their official capacities. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. To assert Eleventh Amendment immunity, a defendant must qualify as a state or an

6

'arm' of a state." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citations omitted). When claims are asserted against a state official in his or her "'official capacity,' [the state official] may also assert Eleventh Amendment immunity as an 'arm' of the state." *Id.* (citation omitted). With respect to the limited exceptions noted above, the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity. A state may also waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181 (citations omitted).

Because Ms. Garcia's claims relate exclusively to conduct undertaken by Defendants in their official capacities, Defendants would be entitled to assert Eleventh Amendment immunity, which bars Ms. Garcia's claims. Additionally, neither exception to the application of Eleventh Amendment immunity applies here. The first exception does not apply because Congress did not abrogate the states' Eleventh Amendment immunity when it enacted section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). The second exception is likewise inapplicable because the State of Utah has not waived its Eleventh Amendment immunity. Utah Code § 63G-7-501(1) (providing that Utah state district courts have exclusive, original jurisdiction over any actions brought under the Governmental Immunity Act of Utah); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh

7

Amendment immunity by statute."). Therefore, Ms. Garcia's claims are barred by the Eleventh Amendment and should be dismissed.

### B.     Ms. Garcia's Section 1983 Claims Fail.

Even if Ms. Garcia's claims were not barred by the Eleventh Amendment, they would still be subject to dismissal because: (1) Defendants are not subject to suit here because they are not "persons" within the meaning of section 1983; and (2) even if Defendants were subject to suit, Ms. Garcia has not asserted any colorable claims under section 1983.

#### 1.     Defendants Are Not Subject to Suit Here Because They Are Not "Persons" Within the Meaning of Section 1983.

As previously noted, all of Ms. Garcia's claims relate exclusively to conduct undertaken by Defendants in their official capacities. Consequently, Ms. Garcia's section 1983 claims fail.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another "of any rights, privileges, or immunities secured by the Constitution and laws." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (citing section 1983). The United States Supreme Court has long held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989). This is because official-capacity suits merely constitute another way of pleading an action against the entity of which a public officer is an agent. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Suits against state officials in their official capacities must be treated as suits against the state. *Id.* Accordingly, all of Ms. Garcia's claims under section 1983 should be dismissed because they relate exclusively to conduct undertaken by Defendants in their official capacities.

8

### 2. Ms. Garcia Has Not Asserted Any Colorable Claims Under Section 1983.

Even if Ms. Garcia's claims were not barred by the Eleventh Amendment, and Defendants were "persons" within the meaning of section 1983, her claims would still fail for the following reasons.

First, Ms. Garcia first alleges that her First Amendment rights were violated. However, she has not included any factual allegations showing how Defendants violated those rights. Consequently, the court concludes that she has failed to satisfy the minimum pleading standards of Rule 8(a)(2) and Rule 12(b)(6) with respect to her First Amendment claims. Therefore, her First Amendment claims should be dismissed.

Second, Ms. Garcia claims that her Fifth Amendment rights were violated. That claim fails. "The Fifth Amendment due process clause only protects against due process violations caused by the federal government." *Parnisi v. Colo. State Hosp.*, 992 F.2d 1223 (Table), 1993 WL 118860, at *1 (10th Cir. April 15, 1993)). Ms. Garcia cannot state any viable claims for violations of due process under the Fifth Amendment because none of her allegations involves any actions taken by the federal government. Thus, Ms. Garcia's Fifth Amendment claims should be dismissed.

Third, Ms. Garcia contends that her rights to equal protection and due process under the Fourteenth Amendment were violated. Those claims are without merit. Ms. Garcia's equal protection claims fail because Ms. Garcia "does not allege [either that she] has . . . a fundamental right or that [she] is a member of a protected class, either of which is necessary to allege a viable Equal Protection claim." *Stein v. N.M.*, No. 15-CV-00776 WJ-KBM, 2016 WL 8919404, at *13

(D.N.M. Apr. 29, 2016). Ms. Garcia's due process claims likewise fail. To state a viable due process claim, Ms. Garcia "must allege a constitutionally protected interest, and that [she was] deprived of that interest by state action. If these elements are alleged, the question becomes what process was due and whether it was provided." *Gorenc v. Klaassen*, 421 F. Supp. 3d 1131, 1161 (D. Kan. 2019) (quotations and citation omitted). Ms. Garcia has failed to allege either of the required elements. Furthermore, even if she had, she has not identified any process to which she was due and how that process was denied, especially where, as here, she was given extensive process under state law regarding the termination of her parental rights. Accordingly, Ms. Garcia's equal protection and due process claims should be dismissed.

        **C.    Any of Ms. Garcia's Claims That Challenge the Termination Proceedings Are Barred by the *Rooker-Feldman* Doctrine.**

As indicated above, Ms. Garcia does not directly challenge the ultimate disposition of the termination proceedings. However, to the extent that her complaint could be so construed—or construed as asserting claims for any constitutional violations that allegedly occurred during the termination proceedings—those claims are barred by the *Rooker-Feldman* doctrine.

"The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted); *see also* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The

*Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments."). "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Nudell*, 363 F.3d at 1075. Under the *Rooker-Feldman* doctrine, "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under" section 1983. *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986).

Here, if the court were to engage in any review of the termination proceedings, it would be "effectively act[ing] as an appellate court reviewing" those state-court proceedings. *Nudell*, 363 F.3d at 1075. Under the *Rooker-Feldman* doctrine, the court is precluded from conducting any such review. That doctrine also precludes the court from reviewing any of Ms. Garcia's claims concerning alleged constitutional violations that occurred during the termination proceedings. *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) (providing that when a plaintiff is "seeking redress for constitutional infirmities in" state-court custody proceedings under section 1983, "such an action cannot be maintained in federal court") (citing *Anderson*, 793 F.2d at 263)). Accordingly, even if Ms. Garcia's complaint could be construed as challenging the termination proceedings in some way, or construed as asserting claims for any constitutional violations that allegedly occurred during the termination proceedings, those claims are barred by the *Rooker-Feldman* doctrine and should be dismissed.

> D. **The Court Should Decline to Exercise Supplemental Jurisdiction Over Any of Ms. Garcia's Potential State-Law Claims.**

To the extent that the section of Ms. Garcia's complaint devoted to allegations of injury could be construed as asserting state-law claims, the court should decline to exercise supplemental jurisdiction over those claims. "Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction." *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012). However, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch*, 660 F.3d at 1248 (quotations and citations omitted). The court has concluded that all of Ms. Garcia's alleged federal claims should be dismissed. Because any of her additional claims are based upon state law, the court should decline to exercise supplemental jurisdiction over them. Accordingly, they should be dismissed without prejudice. *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).

12

**II.     Providing Ms. Garcia With an Opportunity to Amend Her Complaint Would Be Futile.**

As previously noted, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). The court cannot see how any additional factual allegations would save Ms. Garcia's claims from dismissal.

Based upon the foregoing analysis, it is abundantly clear that Ms. Garcia's claims are barred by the Eleventh Amendment and are asserted against parties who are not subject to suit under section 1983. Additionally, based upon the content of Ms. Garcia's complaint, the court concludes that she could not provide any additional, plausible allegations that would state any colorable constitutional violations under section 1983. Furthermore, as discussed above, any of Ms. Garcia's claims that could be construed as challenging the termination proceedings are barred by the *Rooker-Feldman* doctrine. Given the lack of any possible federal claims, any additional allegations concerning potential state-law claims would not alter the conclusion that the court should decline to exercise supplemental jurisdiction over those claims. For those reasons, the court concludes that it would be futile to provide Ms. Garcia with an opportunity to amend her complaint and recommends dismissal of this action.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED under the authority of the IFP Statute. 28 U.S.C. § 1915(e)(2)(B)(ii); DUCivR 3-2(c).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED December 3, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge